David W. Lunn, AZ SBN#019526
DKL Law, PLLC
14555 North Scottsdale Road, Suite 240
Scottsdale, Arizona 85254
Telephone: (480) 500-1360
Facsimile: (480) 500-7341
david@dkllawfirm.com
        -and-
Paul B. Maslo, NY SBN#PM4410 (*admitted pro hac vice*)
Napoli Law, PLLC
360 Lexington Avenue, 11th Floor
New York, New York 10017
Telephone: (212) 397-1000
pmaslo@napolilaw.com

*Counsel for Jay Bonke*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jay Bonke, individually, and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>Uber Technologies, Inc.; Rasier, LLC; John Does I-V and Jane Does I-V; Black Corporations I-V; White Limited Liability Companies I-V; and Green Partnerships I-V,<br><br>Defendants. | Case No. CV-16-01534-PHX-SPL<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO STRIKE RULE 23 CLASS ALLEGATIONS AND CROSS-MOTION TO (1) SUBSTITUTE A NEW CLASS REPRESENTATIVE, (2) FILE AN AMENDED COMPLAINT, AND (3) RESET ALL DISCOVERY DEADLINES** |

Jay Bonke respectfully submits this opposition to Uber Technologies, Inc. and Rasier, LLC's (collectively, "Uber") request that the Court strike his Rule 23 class allegations because he is an inadequate class representative. Bonke cross-moves for an order (1) allowing at least 30 days for his counsel to substitute a new class representative; (2) granting

1

his counsel leave to file an amended complaint containing the new plaintiff's allegations; and (3) vacating and resetting all case deadlines.

### STATEMENT OF FACTS

Bonke has been convicted of multiple felonies and will remain incarcerated for the duration of this litigation.

### ARGUMENT

Bonke agrees with Uber's assessment that he is not an adequate class representative. In light of Bonke's unfortunate circumstances, he is requesting that the Court (1) allow at least 30 days for his counsel to substitute a new class representative; (2) grant his counsel leave to file an amended complaint containing the new plaintiff's allegations; and (3) vacate and reset all case deadlines.

For example, in *Hernandez v. Balakian*, the class representative was arrested on multiple felony counts. 251 F.R.D. 488, 489 (E.D. Cal. 2008). Plaintiff filed a motion for class certification and defendants opposed it primarily on the ground that plaintiff's arrest rendered him an inadequate class representative. *Id.* In lieu of filing a reply, plaintiff moved for leave to amend the complaint to substitute a new class representative and vacate the case schedule. *Id.* The court granted plaintiff's request. *Id.* at 491.

Bonke asks that the Court here grant the same relief.

### CONCLUSION

For the foregoing reasons, Bonke does not contest Uber's argument that he is an inadequate class representative and respectfully requests that the Court grant his cross-motion.

Dated: April 28, 2017

*/s/ David W. Lunn*
David W. Lunn, #019526
DKL Law, PLLC
14555 N. Scottsdale Road, Suite 240
Scottsdale, Arizona 85254
T: (480) 500-1360

                                          -and-
Paul B. Maslo (*admitted pro hac vice*)
NAPOLI LAW PLLC
360 Lexington Avenue 11th Floor
New York, NY 10017
T: (212) 397-1000

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2017, I electronically filed the foregoing document with the Clerk of the Court and electronically served a copy of the same upon all parties to this action by using the CM/ECF system.

                                          */s/ Patricia Klank*