IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Bonke,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Uber Technologies, Inc., et al.,<br><br>　　　　　　Defendants. | No. CV-16-01534-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendants' Motion to Strike Rule 23 Class Allegations (Doc. 74) and Plaintiff's motion to substitute a new class representative and leave to file an amended complaint (Doc. 81).

**I.　Background**

　　**A.　Procedural Background**

Plaintiff Jay Bonke, on behalf of himself and all others similarly situated, brought this class action against Defendants Uber Technologies, Inc., and Rasier, LLC (collectively, "Uber"), for violations of state and federal law. (Doc. 1.) Bonke is an Uber driver alleging Uber misclassified him, and others, as an independent contractor. He alleges violations of Arizona labor law, tortious interference with contract and business relations, breach of contract, unjust enrichment, conversion, fraud and/or intentional or negligent misrepresentation, promissory estoppel, and the Fair Labor Standards Act ("FLSA"). (Doc. 1.)

### B.     Plaintiff Bonke's Factual Background

On January 19, 2016, prior to the filing of the instant civil case, a criminal complaint was filed against Bonke in Maricopa County Superior Court.[1] On January 11, 2017, a jury returned a verdict of guilty on three counts of trafficking in stolen property in the second degree, class three felonies. (Doc. 74-1.) On January 23, 2017, Bonke's release was revoked. On February 17, 2017, Bonke was sentenced to 3.25 years of incarceration. (Doc. 74-2.)

Uber's counsel was not aware of the criminal charges against Bonke until Bonke's counsel called on March 9, 2017. (Doc. 71 at 2, 6.) Bonke's counsel alleges that they did not learn of Bonke's incarceration until March 8, 2017. (Doc. 84 at 2.) At first, Bonke's counsel waivered between dismissing the instant action or substituting a new plaintiff. (Docs. 71 at 6-7; 84 at 2.) On April 4, 2017, Bonke's counsel emailed Uber's counsel that "[w]ithin the next 1-2 weeks, we intend to file a motion to substitute in a new plaintiff." (Doc. 72 at 6.) Bonke's counsel did not agree that the Court should be notified of these developments. (Doc. 72 at 10.) On April 6, 2017, Bonke admitted to the Court that he would be moving for leave to substitute the class representative. (Doc. 73 at 4.)

### II.    Motions Regarding the Class Representative

On April 14, 2017, Uber moved to strike the Rule 23 class allegations due to Bonke's inadequacy to serve as a class representative because of his convictions and incarceration. (Doc. 74.)[2] On April 28, 2017, Bonke agreed that he was not an adequate class representative and moved for an order permitting counsel to substitute a new class representative and leave to file an amended complaint. (Doc. 81.) On May 11, 2017, Bonke's counsel stated that they located "a plaintiff who has opted out of arbitration and

---

[1] http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2016-102027 (last visited on May 23, 2017). A court may take judicial notice of pleadings, memoranda, and other verifiable documents from related litigation. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

[2] Rule 23 does not preclude a defendant from filing a motion to deny class certification prior to the filing of a motion seeking class certification. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939-40 (9th Cir. 2009).

is interested in joining the action. But he will not do so unless the Court allows him to file his own complaint and resets the discovery deadlines. Otherwise, it makes sense for him to file his own action." (Doc. 84 at 2.) On May 18, 2017, Plaintiff's counsel informed Defendant's counsel that they would not be continuing with Bonke. (Doc. 88 at 2.)

Plaintiff's only argument against striking the class claims without allowing for substitution is that it is inefficient. However, this argument is unavailing. The prospective class representative demands that the Court allow him to file his own complaint and reset all case management deadlines if substitution is allowed. (Doc. 84 at 2.) Starting over within this action is not more efficient than filing a new complaint. Plaintiff's counsel has had over two months to find a substitute class representative. The one person willing to participate as a class representative wishes to file his own action. Furthermore, the availability of substitution of a class representative depends upon the status of the case.

"Class certification significantly affected the mootness determination because when the District Court certified the propriety of a class action, the class of unnamed persons described in the certification acquired a legal status separate from the interest asserted by the appellant." *Pitts v. Terrible Herbst, Inc.,* 653 F.3d 1081, 1087, 1090 (9th Cir. 2011) citing *Sosna v. Iowa,* 419 U.S. 393, 399 (1975) (quotation marks and brackets omitted); *see also Kuahulu v. Employers Ins. of Wausau,* 557 F.2d 1334, 1336 (9th Cir. 1977) (one may represent a class if one's individual claim is moot, but must have been a member of the class at the time the class was certified).

Bonke relies on *Hernandez v. Balakian* for support that a class representative can be substituted when the class representative was arrested. 251 F.R.D. 488 (E.D. Cal. Mar. 19, 2008). Bonke's reliance is misplaced. In *Hernandez*, the plaintiff had already moved for class certification prior to his arrest for felony charges. *Id.* at 489. Here, Bonke has not moved for class certification under Rule 23 or conditional certification under the FLSA. No class yet exists. Plaintiff's counsel has known since March 2017 that Bonke was not a viable class representative. Bonke cannot simply be a placeholder for months

while Bonke's counsel tries to find a substitute.[3]

Uber now moves in its sur-reply to dismiss the action because Plaintiff does not intend to proceed. (Doc. 88 at 3.) However, Bonke has made no such avowal to this Court. His inappropriateness as a class representative does not make him ineligible to maintain a lawsuit on his own behalf. Uber's request will be denied.

The parties agree that Bonke is an unsuitable class representative. As such, the Court will grant Uber's motion to strike class allegations and will deny Bonke's motion to substitute class representative. Bonke may continue the action on his own behalf. However, the Court will require Bonke to avow that he intends to prosecute this action before ruling on the remaining outstanding motions. If Bonke so avows, the parties will be required to address the discovery disputes and determine what disputes still remain. Because this action is no longer a putative class or collective action, Uber's Motion to Compel Arbitration will be denied as moot.

**IT IS ORDERED:**

1. That Defendant's motion to strike class allegations (Doc. 74) is **granted**. Paragraphs 55-63 are stricken. Additionally, the phrase "on behalf of himself and the proposed class" shall be stricken from paragraphs 64, 70, 83, 88, 93, 98, 104, and 111;

2. That Plaintiff's motion to substitute class representative (Doc. 81) is **denied**;

3. That Defendant's motion to compel arbitration (Doc. 50) is **dismissed as moot**;

4. That Plaintiff must avow in writing to this Court that he intends to prosecute this action and has the means to do so no later than **June 2, 2017**;

5. That if Plaintiff so avows, the parties will be required to address the discovery disputes (Docs. 69, 70) pending before the Court. The parties must jointly

---

[3] Courts may make an exception in a "narrow class of cases" where the substantive claim is distinctly capable of repetition yet evading review. *Pitts,* 653 F.3d at 1087, 1090. Such is not the case here.

address what issues remain after the dismissal of the class-action allegations no later than **June 9, 2017**; and

6.  That if Plaintiff does not avow that he intends to prosecute this action by June 2, 2017, the action will be **dismissed** without prejudice and all pending motions **denied as moot**.

Dated this 25th day of May, 2017.

Honorable Steven P. Logan
United States District Judge

5